UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

REGIS SOUTHERN                              CIVIL ACTION NO. 6:19-cv-00229

VERSUS                                      JUDGE JUNEAU

EATON OIL TOOLS, INC.,                      MAGISTRATE JUDGE HANNA
ET AL.

### MEMORANDUM RULING

Currently pending is the plaintiff's motion to compel discovery responses from defendants Fieldwood Energy, LLC, Fieldwood Offshore, LLC, and Fieldwood energy SP, LLC (collectively "Fieldwood") or, alternatively, for *in camera* inspection. (Rec. Doc. 27). The motion is opposed. Due to the coronavirus pandemic, oral argument was cancelled. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion will be granted in part and denied in part.

### Background

The plaintiff, Regis Southern, claims that he was injured while working offshore. He was employed by Hudson Services, Inc. as an offshore operator on a Fieldwood platform at South Pass 75. Fieldwood contracted with Eaton Oil Tools, Inc. to provide fishing tool services. Mr. Southern claims that, on March 29, 2018, he hurt his right shoulder when he attempted to lift the slips out of the hole during a

fishing tool operation "that was supposed to be performed with more personnel and/or lighter equipment." (Rec. Doc. 1 at 3).  He sued Fieldwood and Eaton.

In his motion to compel, Southern seeks the production of the personnel files of Fieldwood employees Kevin Guillot, Grant Borne, and David Viviano; alternatively, Southern seeks an *in camera* review of their personnel files.  Borne was the person in charge on the platform at the time of the injury.  Guillot is listed as a member of the "investigation team" on the incident report.  Southern claims that Guillot filled out an accident report with the wrong date and time of the accident and failed to explain how the accident happened.  Viviano is Fieldwood's HSE coordinator.  Fieldwood maintains that neither Guillot nor Viviano was on the platform at the time of the accident.  Fieldwood objected to the production of the files on the basis of confidentiality, irrelevance, and proportionality.

Southern claims that the report of his accident was either fabricated or altered by Guillot, Borne, or Viviano.  He claims that Borne tried to downplay the accident.  He further claims that Guillot was formerly a New Orleans police officer who resigned after being charged with wire fraud for faking the theft of a vehicle to collect insurance proceeds, was convicted, and served time.  The plaintiff suggested that Viviano did not prepare the accident report but should have done so.  The plaintiff wants to know if Fieldwood investigated Guillot's background before hiring him, whether Fieldwood performed background checks on all three men, and to what

extent Fieldwood trained them on the preparation of accident reports. With regard to all three men, the plaintiff is interested in whether they were properly trained, had proper qualifications for their jobs, had been disciplined, and had been commended or promoted.

## Law and Analysis

The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.[1] Nevertheless, discovery does have "ultimate and necessary boundaries."[2] Further, it is well established that "control of discovery is committed to the sound discretion of the trial court"[3] and a "trial court enjoys wide discretion in determining the scope and effect of discovery."[4] In evaluating the merits of the motion to compel, this Court is guided by Fed. R. Civ. P. 26, which states that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the factors set forth in the rule.

---

[1] *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

[2] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

[3] *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 382 (5th Cir. 1987)).

[4] *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982)).

"[D]espite the broad scope of discovery, personnel files are generally treated with special care in the Fifth Circuit."[5]  "Employee personnel files contain much. . . sensitive and potentially embarrassing information, for example, alimony and child support garnishment, tax records, and drug test results."[6]  "[I]n resolving disputes regarding personnel files, the court is required to balance the competing interests of the parties in a considered manner, with regard for the breadth of the federal discovery rules."[7]

Having balanced the competing interests, this Court finds that Fieldwood need not produce Viviano's personnel file or provide any portion of his file to the court for *in camera* review.  There is no indication that he participated in investigating the accident or filling out the accident report.  Therefore, this Court finds that nothing in his personnel file is relevant to the issues presented in this lawsuit, and production of his personnel file would be disproportionate to the needs of the case.

With regard to Borne and Guillot, however, this Court finds that certain portions of their personnel files, e.g., documents regarding background

---

[5]  *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, 2016 WL 3923873, at *6 (E.D. La. July 21, 2016).

[6]  *Williams v. Roy O. Martin Lumber Co. LLC*, 51 Fed. App'x 483, 2002 WL 31319337, at *6 (5th Cir. 2002).

[7]  *George v. Entergy Services, Inc.*, No. 09-3676, 2010 WL 3802452, at *4 (E.D. La. Sept. 17, 2010).  See, also, *Eckstein Marine Service, Inc. v. M/V BASIN PRIDE*, 168 F.R.D. 38, 40 (W.D. La. 1996).

investigations, training, and disciplinary actions, might potentially be relevant to the issues presented.  Their personnel files should be redacted to remove sensitive personal information and information regarding their wages, and the redacted files should then be submitted to the undersigned Magistrate Judge for *in camera* review of any and all documents having to do with applications for employment, background checks, training, and disciplinary actions.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that the plaintiff's motion to compel (Rec. Doc. 27) is GRANTED IN PART and DENIED IN PART.  More particularly, no documents shall be produced to the plaintiff at this time; instead, the personnel files of Grant Borne and Kevin Guillot, redacted as explained above, shall be submitted to the undersigned Magistrate Judge for *in camera* review not later than May 8, 2020.

Signed at Lafayette, Louisiana, this 22nd day of April 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE