UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| REGIS SOUTHERN | CIVIL ACTION NO. 6:19-cv-00229 |
| VERSUS | JUDGE JUNEAU |
| EATON OIL TOOLS, INC., ET AL. | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Currently pending is defendant Diverse Safety & Scaffolding, LLC's motion for leave to depose the plaintiff.  (Rec. Doc. 66).  Defendant Scottsdale Insurance Company joined in the motion.  (Rec. Doc. 69).  The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion will be granted, allowing the plaintiff to be deposed again, but certain limitations will be imposed on any additional deposition taken.

### Background

The plaintiff, Regis Southern, claims that he was injured while working offshore.  He alleged that he was employed by Hudson Services, Inc. as an offshore operator on a Fieldwood platform at South Pass 75 and that Fieldwood contracted with Eaton Oil Tools, Inc. to provide fishing tool services.  Mr. Southern claims that he hurt his right shoulder in March 2018 when he attempted to lift the slips out of the hole during a fishing tool operation "that was supposed to be performed with

more personnel and/or lighter equipment." (Rec. Doc. 1 at 3). In his original complaint, he sued Fieldwood and Eaton. In his first amended and supplemental complaint, he added claims against Diverse Safety & Scaffolding, LLC, and Scottsdale Insurance Company. (Rec. Doc. 38).

According to the parties' briefing, the plaintiff was deposed twice before he sued Diverse and Scottsdale. He was deposed in September 2019 by Fieldwood and Eaton in this lawsuit, and he was deposed in February 2020 in a related Longshore and Harbor Workers Compensation Act ("LHWCA") proceeding. The amended petition that added Diverse and Scottsdale as defendants in the lawsuit was filed in May 2020, after both previous depositions had already occurred.

Diverse contacted the plaintiff's counsel in an effort to schedule the plaintiff's deposition, but the plaintiff objected. Diverse now seeks leave of court to take the plaintiff's deposition. Scottsdale joined in and echoed Diverse's arguments.

## Law and Analysis

The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.[1] Nevertheless, discovery does have "ultimate and necessary boundaries."[2] Further, it is well established that

---

[1] *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

[2] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

"control of discovery is committed to the sound discretion of the trial court,"[3] and a "trial court enjoys wide discretion in determining the scope and effect of discovery."[4]

In evaluating the merits of the instant motion, this Court is guided by Rules 26 and 30 of the Federal Rules of Civil Procedure. Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the factors set forth in the rule.[5] However, the court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."[6] More particularly, a party may depose any person without leave of court but must obtain the court's permission to take a deposition if the parties have not stipulated to the deposition and "the deponent has

---

[3] *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 382 (5th Cir. 1987)).

[4] *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982)).

[5] Fed. R. Civ. P. 26(b)(1).

[6] Fed. R. Civ. P. 26(b)(2)(C).

already been deposed in the case."[7] Leave of court to permit an additional deposition must be granted only "to the extent consistent with Rule 26(b)(1) and (2)."[8]

In support of the motion, Diverse and Scottsdale argued that they should be allowed to depose the plaintiff even though he has already been deposed twice because they were not parties to this lawsuit when the previous depositions were taken. Diverse and Scottsdale seek to question the plaintiff regarding their own particular interest in the litigation based on the claims that the plaintiff asserted against them. The plaintiff opposed the motion, arguing that another deposition is not warranted because it would be unreasonably cumulative or duplicative of the previous depositions.

Requiring a party to submit to another deposition is unreasonably cumulative and duplicative when the party seeking the additional deposition has already had an ample opportunity to obtain the information it seeks.[9] In this case, however, neither Diverse nor Scottsdale has yet had an opportunity to depose the plaintiff. The plaintiff filed his amended complaint and raised new theories of liability against these two new defendants after he had already been deposed twice. In this situation,

---

[7] Fed. R. Civ. P. 30(a)(2)(A)(ii).

[8] Fed. R. Civ. P. 30(a)(2).

[9] *Matter of Tara Crosby, LLC*, No. 17-5391, 2019 WL 5634182, at *3 (E.D. La. Oct. 31, 2019) (citing *Kansas City S. Ry. Co. v. Nichols Constr. Co., LLC*, No. CV 05-1182, 2008 WL 11351311, at *2 (E.D. La. Oct. 2, 2008)).

4

it would be fundamentally unfair to deny Diverse and Scottsdale an opportunity to question the plaintiff about those claims. Therefore, this is a situation in which another deposition should be permitted.[10] While repeat depositions are not favored and should be avoided, if possible, the addition of new claims against new parties after the plaintiff has already been deposed requires that the new defendants have an opportunity to depose the plaintiff with regard to matters relevant to the new claims.

Considering the cited rules, however, this Court advises the parties that the additional deposition is not to be conducted without limitations. More specifically, the following limitations and guidelines are imposed:

(1) no questions that were asked at either of the earlier depositions shall be repeated at the additional deposition;

(2) questions may be asked regarding the plaintiff's medical status since the previous deposition;

(3) questions may be asked regarding any facts and circumstances of the accident but only as they apply to the claims against Diverse and Scottsdale; and

(4) counsel may contact this Court during the deposition should any questions or concerns arise.

---

[10] See *Donahue v. Wilder*, No. 15-499-JWD-RLB, 2018 WL 9649984, at *2 (M.D. La. Apr. 10, 2018).

## Conclusion

For the foregoing reasons,

IT IS ORDERED that the plaintiff's motion for leave to depose the plaintiff (Rec. Doc. 66) is GRANTED, and Diverse and Scottsdale may take the plaintiff's deposition at a time and place mutually convenient to the parties, but only as necessary to supplement the plaintiff's prior deposition testimony without repeating questions asked during the prior depositions, and only in accordance with the limitations and guidelines set forth above.

IT IS FURTHER ORDERED that the oral argument previously scheduled for April 8, 2021 is CANCELLED.

Signed at Lafayette, Louisiana, this 26th day of March 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE